Michael J. Hartley (State Bar No. 189375)
Joann M. Wakana (State Bar No. 232714)
**ALSTON + BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
michael.hartley@alston.com
joann.wakana@alston.com

Richard J. Oparil *(pro hac vice to be submitted)*
**PATTON BOGGS LLP**
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
roparil@pattonboggs.com

Attorneys for Defendants
SIMON DAVIES, DAVID WARNOCK
and CHRISTINE DOLAN

FILED
2009 OCT 13 PM 1:04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| GETFUGU, INC., a Nevada corporation; and CARL FREER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMON DAVIES, an individual; DAVID WARNOCK, an individual; and DOE I through DOE 100, inclusive,<br><br>Defendants. | Case No. CV09-7388 GHK FMOx<br><br>**APPENDIX OF STATE COURT PLEADINGS AND PAPERS**<br><br>Filing Date: October 13, 2009 |

## APPENDIX OF STATE COURT PLEADINGS AND PAPERS

**EXHIBIT A:** Summons and Complaint

**EXHIBIT B:** Amended Complaint

**EXHIBIT C:** Notice of Case Management Conference

DATED: October 13, 2009        Respectfully submitted,

MICHAEL J. HARTLEY
JOANN M. WAKANA
**ALSTON + BIRD LLP**

_____ FOR
Michael J. Hartley
Attorneys for Defendants
SIMON DAVIES, DAVID WARNOCK
and CHRISTINE DOLAN

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANTS**
*(AVISO AL DEMANDADO):*
SIMON DAVIES, an individual; DAVID WARNOCK, an individual; and Doe 1 through Doe 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GETFUGU, INC., a Nevada corporation; and CARL FREER, an individual



**ORIGINAL FILED**
LOS ANGELES SUPERIOR COURT
SEP 14 2009
JOHN A. CLARKE, CLERK
BY AMBER LAFLEUR-CLAYTON, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
Central District
111 North Hill Street
Los Angeles 90012

**CASE NUMBER:** *(Número del Caso):* **BC421759**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John C. Kirkland        213.892.4907
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 S. Figueroa Street, Suite 3900 Los Angeles, California 90017

DATE: JOHN A. CLARKE, Clerk by _____ Deputy
*(Fecha)* SEP 14 2009       *(Secretario)*   AMBER LaFLEUR-CLAYTON   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 14 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. E. LaFLEUR-CLAYTON

John C. Kirkland, State Bar No. 149453
Mark A. Vega, State Bar No. 162621
Vicky N. Pham, State Bar No. 216531
LUCE FORWARD HAMILTON & SCRIPPS LLP
601 South Figueroa Street, Suite 3900
Los Angeles, California 90017
Tel.: (213) 892-4907
Fax: (213) 452-8035
E-Mail: jkirkland@luce.com,
mvega@luce.com, vpham@luce.com

Attorneys for Plaintiffs
GETFUGU, INC. and CARL FREER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

### CENTRAL DISTRICT

BC421759

| | |
|---|---|
| GETFUGU, INC., a Nevada corporation; and CARL FREER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SIMON DAVIES, an individual; DAVID WARNOCK, an individual; and DOE 1 through DOE 100, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES FOR:** <br><br> (1) TRADE LIBEL <br> (2) DEFAMATION <br> (3) SLANDER PER SE <br> (4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE <br> (5) FRAUDULENT BUSINESS PRACTICES <br> (6) DECLARATORY RELIEF <br><br> **REQUEST FOR JURY TRIAL** |

Plaintiffs GetFugu, Inc. and Carl Freer complain and allege against Defendants, and each of them, as follows:

### NATURE OF ACTION

1. Utilizing a deliberate campaign of misinformation, threats and extortion, con men David Warnock and Simon Davies hatched a scheme to insinuate themselves and their cohorts

1
COMPLAINT

into the lives of a public company and an established international businessman. In a ruse that would make their apparent mentor Bernie Madoff proud, these twin devils of deception asserted that patents they do not even own are somehow infringed by the comprehensive intellectual property portfolio of GetFugu, Inc., a public company with a revolutionary next generation mobile search tool and e-commerce application. The charlatans further falsely claimed that inventor, entrepreneur and financier Carl Freer inexplicably owes them millions of dollars for nothing. Warnock and Davies then launched a whisper campaign of concocted innuendo, while at the same time threatening to present bogus charges to regulators, assert false claims in court and make knowingly fallacious public accusations, all in ploy to derail the public launch of GetFugu's valuable products in order to extort an undeserved windfall for themselves and their co-conspirators.

**THE PARTIES**

2. Plaintiff GetFugu, Inc. ("GetFugu") is a corporation duly authorized and existing under the laws of the State of Nevada. GetFugu is authorized to do business in the State of California, and is doing business in Los Angeles County, California.

3. Plaintiff Carl Freer is an individual residing and doing business in Los Angeles County, California.

4. Defendant David Warnock ("Warnock") is an individual.

5. Defendant Simon Davies ("Davies") is an individual.

6. The true names and capacities of the Defendants sued in this action as Doe 1 through Doe 100, inclusive, and each of them, are unknown to Plaintiffs. Plaintiffs therefore sue each such Defendant by such fictitious name and shall seek leave of the Court to amend this Complaint to include the true names and capacities of these Doe defendants when and if such true names have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants actively participated in the conduct alleged herein, and that the damages alleged herein that have been suffered by Plaintiffs were proximately caused by or contributed to by these Defendants.

7. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was or is the co-conspirator, joint venturer, partner, director, officer, managing agent, employer, principal, agent, representative, supervisor, employee, and alter ego of each of the remaining Defendants, and, in participating in the conduct alleged herein, was acting within the course and scope of such capacities, and with the knowledge, authorization, consent, ratification and at the direction of, and in conspiracy with, the remaining Defendants. As joint and concurrent tortfeasors, each of the Defendants is jointly and severally liable for all of the damages claimed by Plaintiffs herein.

## BACKGROUND

8. GetFugu is public company with a market capitalization of approximately $150 million. Its common stock is publicly traded on the OTCBB. The company formally introduced its initial product to consumers September 7, 2009, as a next generation mobile search tool and e-commerce application. GetFugu's technology integrates the key strengths of cellular telephones—image, voice and location recognition—and allows consumers to retrieve content more expediently. By capturing photographs of a company logo with a camera phone, speaking the name of a company into the phone, or allowing GPS to determine their current location, the GetFugu application allows consumers to gather desired information without needing to conduct Internet browser searches. Additionally, GetFugu offers the only mobile hot-spotting e-commerce platform available worldwide today. The GetFugu platform will be available for 97% of the mobile phones available (over 3.3 billion handsets) worldwide. Thus, the value of the company and its common stock is likely to increase substantially in value.

9. GetFugu owns a comprehensive intellectual property portfolio, including nine (9) utility patent applications that have been filed with the United States Patent and Trademark Office. The applications and related trade secrets, confidential information and know-how surround unique vision algorithms, data transport techniques between the telephone and servers, and business process patents for the "hotspotting" mobile ecommerce tool.

10. Mr. Freer is the largest individual stockholder of GetFugu. However, he is not, and at all pertinent times herein has not been, an officer or director of the Company.

11. In November 2007, Mr. Freer obtained from Begbie Traynor, the duly authorized and appointed special liquidators of Gizmondo Europe Limited, all right, title and interest in and to all intellectual property held by Gizmondo Europe Limited, including various patents related to cellular telephone marketing. The inventions underlying the proprietary GetFugu products are separate and distinct from the patents that Mr. Freer obtained from Gizmondo, and are not dependent upon them for any aspect of their unique functionality or commercial value.

## GENERAL ALLEGATIONS

(Common to all Causes of Action)

12. Defendants Warnock and Davies desire to reap an unjustified windfall from the success of GetFugu and Mr. Freer, and accordingly designed and implemented a Tolstoy-esque attempted extortion scheme based upon falsely spreading rumors that: (a) the GetFugu technology is, in some unspecified and circuitous manner, somehow related to the old Gizmondo patents; (b) the Defendants somehow allegedly own the Gizmondo patents through the foreclosure of improperly-secured loans made to Gizmondo's former subsidiary, Tiger Telematics, Inc.; and (c) Mr. Freer somehow still owes Defendants more than $20 million due to an invalid and unenforceable personal guarantee of the loan. Although Defendants plot certainly earn points for creativity, it is unsupported by the underlying facts, documentation and findings of the liquidators.

13. Apparently undeterred by reality, Defendants proceeded headlong into attempting to force plaintiffs to pay them hush money, by disseminating their fairy story to multiple third parties, including friends and business associates of Mr. Freer, and actual and potential business partners, customers and investors of GetFugu. In a show of extraordinary bravado, they even threatened to make false claims to federal regulators if their unjustified demands were not met.

14. Defendants then enlisted the support of notorious self-promoting Ponzi schemer Christine Dolan as their authorized agent in their attempted shakedown. When Dolan's strong arm tactics to collect the non-existent debt did not result in immediate capitulation by Mr. Freer, she contacted the board and management of GetFugu to bad mouth Mr. Freer and threaten the company. On behalf of Defendants she disparaged Mr. Freer, falsely claiming he owes "millions" of dollars to Defendants and further falsely claiming that the GetFugu intellectual property was

infringing clients Defendants own. When given the opportunity to support their outlandish claims with facts or documents, Dolan and Defendants instantly fell inexplicably silent.

### FIRST CAUSE OF ACTION

(Trade Libel by GetFugu against all Defendants)

15. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 14, inclusive, as if stated in full herein.

16. Defendants, and each of them, knowingly and intentionally published multiple defamatory statements of fact to multiple persons, including, inter alia, that GetFugu does not own its patents, that the GetFugu intellectual property belongs to Defendants and not to GetFugu, and that GetFugu's products infringe Defendants' patents.

17. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover presumed damages, in an amount in excess of $50 million to be determined by the jury according to proof at trial.

18. Defendants made the foregoing publication with the intent to vex, injure and cheat Plaintiffs so as to constitute oppression, fraud and malice justifying an award of exemplary and punitive damages, in an amount in excess of $500 million sufficient to punish and make an example of the Defendants, such amount to be determined by the jury according to proof at trial.

### SECOND CAUSE OF ACTION

(Defamation by Mr. Freer against all Defendants)

19. Plaintiffs incorporate by reference herein paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Defendants, and each of them, knowingly and intentionally published in written form, viz. by electronic mail, multiple defamatory statements of fact to multiple persons regarding Mr. Freer, including accusing him of fraudulent behavior, criminal conduct and failing to pay legitimate debts when due, all adversely reflecting on his fitness to conduct his business.

21. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover presumed damages, in an amount in excess of $50 million to be determined by the jury according to proof at trial.

22. Defendants made the foregoing publication with the intent to vex, injure and cheat Plaintiffs so as to constitute oppression, fraud and malice justifying an award of exemplary and punitive damages, in an amount in excess of $500 million sufficient to punish and make an example of the Defendants, such amount to be determined by the jury according to proof at trial.

### THIRD CAUSE OF ACTION

(Slander Per Se by Mr. Freer against all Defendants)

23. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 22, inclusive, as if stated in full herein.

24. Defendants, and each of them, knowingly and intentionally made, viz. by telephone and in person, multiple defamatory statements of fact to multiple persons regarding Mr. Freer, including accusing him of fraudulent behavior, criminal conduct and failing to pay legitimate debts when due, all adversely reflecting on his fitness to conduct his business.

25. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover presumed damages, in an amount in excess of $50 million to be determined by the jury according to proof at trial.

26. Defendants made the foregoing publication with the intent to vex, injure and cheat Plaintiffs so as to constitute oppression, fraud and malice justifying an award of exemplary and punitive damages, in an amount in excess of $500 million sufficient to punish and make an example of the Defendants, such amount to be determined by the jury according to proof at trial.

## FOURTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Advantage

by Mr. Freer against all Defendants)

27. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 26, inclusive, as if stated in full herein.

28. Defendants were aware of the relationship between Mr. Freer and GetFugu containing the probability of future economic benefit to Mr. Freer. Defendants intentionally acted with malice to disrupt the relationship by making false claims related to GetFugu and Mr. Freer.

29. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover compensatory and general damages, in an amount in excess of $50 million.

30. Defendants made the foregoing publication with the intent to vex, injure and cheat Plaintiffs so as to constitute oppression, fraud and malice justifying an award of exemplary and punitive damages, in an amount in excess of $500 million sufficient to punish and make an example of the Defendants, such amount to be determined by the jury according to proof at trial.

## FIFTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Advantage

by GetFugu against all Defendants)

31. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 30, inclusive, as if stated in full herein.

32. Defendants were aware of the relationship between GetFugu and its customers and investors containing the probability of future economic benefit to GetFugu. Defendants intentionally acted with malice to disrupt this relationship by making false claims related to GetFugu and Mr. Freer in a brazen attempt to raise doubts and encouraging suspicions regarding the validity and enforceability of GetFugu's patents and intellectual property.

33. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover compensatory and general damages, in an amount in excess of $50 million.

34. Defendants made the foregoing publication with the intent to vex, injure and cheat Plaintiffs so as to constitute oppression, fraud and malice justifying an award of exemplary and punitive damages, in an amount in excess of $500 million sufficient to punish and make an example of the Defendants, such amount to be determined by the jury according to proof at trial.

## SIXTH CAUSE OF ACTION

(Unlawful, Unfair and Fraudulent Business Practices

by Plaintiffs against all Defendants)

35. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 34, inclusive, as if stated in full herein.

36. The acts and practices of Defendants, and each of them, as set forth herein above constitute unlawful, unfair and fraudulent business acts and practices within the meaning of California Business and Professions Code section 17200, et seq.

37. Plaintiffs are entitled to statutory and equitable relief against Defendants, including disgorgement of all ill-gotten gains and an injunction prohibiting further wrongful conduct.

## SEVENTH CAUSE OF ACTION

(Declaratory Relief by Plaintiffs against all Defendants)

38. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 37, inclusive, as if stated in full herein.

39. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that Plaintiffs contend that: (a) the GetFugu technology is not derived from the old Gizmondo patents; (b) the Defendants do not own the Gizmondo patents; and (c) Mr. Freer does not owe Defendants any money. Defendants purport to dispute Plaintiffs' contentions and assert the contrary.

40. Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to whether Defendants own any patents related to GetFugu and whether Mr. Freer owes Defendants any money.

**PRAYER**

Plaintiffs therefore pray for judgment against Defendants, and each of them, as follows:

1. For presumed, compensatory damages in excess of $100,000,000.00;
2. For punitive and exemplary damages in excess of $500,000,000.00;
3. For temporary, preliminary and permanent injunctive relief, restraining and enjoining Defendants from further wrongful conduct;
4. For a declaration that Defendants do not own any patents related to GetFugu and that Mr. Freer does not owe Defendants any money;
5. For allowable expenses and costs of suit; and
6. For such other and further relief as the Court deems just and proper.

DATED: September 14, 2009  LUCE FORWARD HAMILTON & SCRIPPS LLP

By: _____
John C. Kirkland
Attorneys for Plaintiffs
GETFUGU, INC. and CARL FREER

**DEMAND FOR JURY TRIAL**

Plaintiffs GetFugu, Inc. and Carl Freer, and each of them hereby demand a jury trial on all issues so triable that are raised by this Complaint.

DATED: September 14, 2009         LUCE FORWARD HAMILTON & SCRIPPS LLP

By: _____
John C. Kirkland
Attorneys for Plaintiffs
GETFUGU, INC. and CARL FREER

201038841.2

**PROOF OF SERVICE**

GetFugu v. Davies, et al, Case No. BC 421759

Judge: Hon. Abraham Khan

Dept: 51

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa, Suite 3900, Los Angeles, California 90017.

On September 16, 2009, I served true copies of the following document(s) described as **SUMMONS, COMPLAINT, NOTICE OF CASE ASSIGNMENT** on the interested parties in this action as follows:

| | |
|---|---|
| Mr. Simon Davies<br>Onston Hall<br>Onston Lane<br>Onston<br>Cheshire CW8 2RG<br>United Kingdom | Mr. David Warnock<br>Lammasfield<br>Chelford Road<br>Alderley Edge<br>Cheshire SK9 7TG<br>United Kingdom |

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 16, 2009, at Los Angeles, California.

Lisa Underkoffler

201039069.1

EXHIBIT B

**ORIGINAL**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| John C. Kirkland<br>LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>601 S. Figueroa Street, Suite 3900<br>Los Angeles, California 90017<br>213.892.4907 | 149453 | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>SEP 21 2009<br>JOHN A. CLARKE, CLERK<br>BY AMBER LA FLEUR-CLAYTON, DEPUTY |
| ATTORNEY FOR (Name): Plaintiffs, GETFUGU, INC. and CARL FREER | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS:<br>111 North Hill Street<br>Los Angeles 90012 |
| PLAINTIFF: GETFUGU INC., a Nevada corporation; and CARL FREER, an individual |
| DEFENDANT: SIMON DAVIES, an individual; DAVID WARNOCK, an individual; and DOE 1 through DOE 100, inclusive |

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC 421759  D-51 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

| FICTITIOUS NAME |
|---|
| DOE 1 |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| Christine Dolan |

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 9/21/2009 | John C. Kirkland | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

| INCORRECT NAME |
|---|
| |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| |

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

**ORDER**

THE COURT ORDERS the amendment approved and filed.

Dated _____    Judicial Officer _____

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT C

51

**FILED**
LOS ANGELES SUPERIOR COURT

FILE STAMP SEP 1 8 2009

JOHN A. CLARKE, CLERK
BY MARY D. CLARK, DEPUTY

NOTICE SENT TO:

Kirkland, John C.
Luce Forward Hamilton & Scripps LLP
601 S. Figueroa, Suite 3900
Los ANgeles        CA    90017

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| GETFUGU INC ET AL | Plaintiff(s), | BC421759 |
| VS. | | |
| SIMON DAVIES ET AL | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for February 1, 2010 at 8:45 am in Dept. 51 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: September 18, 2009

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: September 18, 2009

John A. Clarke, Executive Officer/Clerk

by _M. Clark_, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven