*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7388-GHK (FMOx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | *GetFugu, Inc., et al. v. Simon Davies, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers)** Order re: Plaintiff's Motion to Remand; Defendants' Motion to Dismiss, or to Sever

    This matter is before the Court on Plaintiffs GetFugu, Inc. and Carl Freer's ("Freer") (collectively, "Plaintiffs") Motion to Remand (Dkt. No. 24) and Defendant Jonathan P. Chodos's ("Chodos") Motion to Dismiss the First Amended Complaint ("FAC"), or to Sever, in which Defendants Simon Davies, David Warnock, and Christine Dolan (collectively, "Defendants") have joined. (Dkt. Nos. 69-72). We have considered the papers filed in support of and in opposition to these Motions, and deem these matters appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts in this case, we will repeat them only as necessary. Accordingly, we rule as follows.

    On December 21, 2009, we issued an Order regarding Plaintiffs' Motion to Remand. (Dkt. No. 34). In that Order, we declined to immediately rule on the Motion to Remand, and instead ordered Plaintiffs to amend their Complaint to include specific allegations against Chodos, whom Defendants claim was fraudulently joined prior to removal solely to defeat federal diversity jurisdiction. (*Id.* at 2 ("We hereby ORDER Plaintiffs to file a First Amended Complaint . . . setting forth specific allegations as to Defendant Chodos and his alleged wrongful conduct at issue in this case."); Dkt. No. 29, Opp'n to Mot. to Remand 3-5, 9-12). Chodos's California citizenship is not contested by Defendants; Defendants concede Chodos is non-diverse by arguing he has been fraudulently joined. (*Id.* at 3-4). On January 6, 2010, Plaintiffs filed a FAC, stating seven claims against Chodos: (1) trade libel; (2) slander per se; (3) defamation; (4) breach of fiduciary duty; (5) intentional interference with prospective economic advantage; (6) unlawful, unfair, and fraudulent business practices under California Business and Professions Code § 17200; and (7) declaratory relief. (Dkt. No. 56). On January 27, 2010, Defendants filed a Response to the FAC arguing that Chodos remains a sham defendant, and that no claim has been stated against him. (Dkt. Nos. 67, 68).[1]

---

    [1] Plaintiffs have also joined Defendants James Hunt, Richard D. Parton, and Psytel, an entity of form unknown, as named Defendants in the FAC. However, Plaintiffs fail to allege the citizenship of the three new Defendants. (FAC ¶¶ 8-10).

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7388-GHK (FMOx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | *GetFugu, Inc., et al. v. Simon Davies, et al.* | | |

"It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1997). The removing party must prove not only that the claim against the individual lacks merit, but that "'the failure is obvious according to the settled rules of the state.'" *Id.* at 1318 (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Jeong v. Onada Cement Co., Ltd.*, No. CV 99-11092 GHK, 2000 WL 33954824, at *3 (C.D. Cal. May 17, 2000). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). That a claim may ultimately be unsuccessful does not necessarily imply a fraudulent joinder. *See Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999). Rather, Defendants who assert fraudulent joinder carry a heavy burden of persuasion, and must show that "there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citation, alteration, and quotation marks omitted).

The FAC's claims for trade libel, slander per se, defamation, and intentional interference with prospective economic advantage are all based on statements allegedly made by Defendants, including Chodos. Chodos represented Defendant Warnock in a prior state court collection action against Plaintiff Freer, *Warnock v. Freer*, Los Angeles Superior Court Case No. BC362912. (FAC ¶ 42). Plaintiffs allege that:

> Defendants Warnock and Davies [ ] enlisted the support of Dolan, Chodos, Hunt, Parton and Psytel as their authorized agents to assist in their attempted extortion. When Dolan and Chodos's tactics did not result in immediate total capitulation by Mr. Freer, Defendants and their shills contacted the board, management and shareholders of GetFugu to bad mouth Mr. Freer and threaten the company. [O]n behalf of themselves and each of the other Defendants, Warnock, Davies, Dolan, Hunt, Parson and Psytel disseminated emails wherein they disparaged Mr. Freer by falsely claiming he owes "millions" of dollars to Defendants on unpaid loans and falsely claiming that the collateral for those loans are "related" to GetFugu's intellectual property.

(FAC ¶ 19). Chodos's alleged "tactics" are not described, and his name is not listed among those who are accused of "disseminat[ing disparaging] emails." Accordingly, we do not construe the second or third sentences above to set forth an allegation that Chodos himself made or published any actionable statement. Additionally, Plaintiffs allege that:

> Defendant Chodos made statements which were outside the course and scope of his role as counsel of record in litigation filed by Chodos on behalf of Warnock, and are therefore unprivileged. Moreover, the statements made by Defendants were not privileged because Defendants made the statements with personal animosity, hatred and ill will towards Mr. Freer and with knowledge that the statements were false and without any reasonable grounds for believing that the statements were true.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7388-GHK (FMOx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | *GetFugu, Inc., et al. v. Simon Davies, et al.* | | |

(*Id*. ¶ 26). These paragraphs are the only allegations as to what, if anything, Chodos might have said or published regarding Plaintiffs. However, if Chodos had in fact published a libelous statement or slandered Plaintiffs, Plaintiffs should be able to point to a specific instance; these wholly conclusory allegations betray that "there is no possibility that [Plaintiffs] will be able to establish a cause of action in state court against the alleged sham defendant." *Diaz*, 185 F.R.D. at 586. Trade libel, slander per se, and defamation all require proof of a statement, and the intentional interference with prospective economic advantage claim is premised on the same alleged misconduct. For instance, trade libel requires proof of (1) a statement that (2) was false, (3) disparaging, and (4) published to others in writing, (5) which induced others not to deal with the subject of the statement, and (6) caused special damages. *Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal. App. 4th 1017, 1035 (2002). Therefore, Claims 1, 2, 3, and 5 are patently without merit. With respect to these four claims, Plaintiffs have "failed to state a cause of action against [Chodos], and the failure is obvious according to the settled rules of the state[.]" *Ritchey*, 139 F.3d at 1318 (quoting *McCabe*, 811 F.2d at 1339) (quotation marks omitted).

Claim 4 for breach of fiduciary duty is premised on the theory that Chodos, who served as counsel to Warnock in the state court collection action against Freer, owed Freer a fiduciary duty not to release his payments in satisfaction of the Settlement Agreement and Mutual Release ("Agreement") from the trust account until certain conditions were fulfilled. (Dkt. No. 67, Ex. 1). However, according to the allegations of the FAC, Chodos has not violated any provision of the Agreement. Consequently, we need not resolve whether such a fiduciary duty is owed to the opposing party when settlement payments are held in trust. Under Paragraph 3 of the Agreement, Freer was required to transfer a first payment of $250,000 to Warnock. (*Id*. ¶ 3). There is no dispute that Freer timely made the first payment of $250,000, and that pursuant to Paragraph 4, Plaintiff received a Partial Satisfaction of Judgment. (*Id*. ¶ 4). Under Paragraph 6, a second payment of $250,000 was required. (*Id*. ¶ 6). If the second payment was made within 30 days, Freer was entitled to 500,000 shares of GetFugu, Inc. stock; if the second payment was made within 45 days, Freer was entitled to 250,000 shares of GetFugu, Inc. stock, and Warnock could dispose of the remainder in any way he saw fit. (*Id*.). Under Paragraph 7, Warnock was required to deliver a Full Satisfaction of Judgment to Freer after the second payment: "Within one (1) business days of the timely receipt of said second wire transfer under either Paragraph 6A, or 6B, hereto, Warnock shall cause a Full Satisfaction of Judgment duly executed and notarized by him, to be hand delivered to [Freer's counsel, Roger H.] Licht. Chodos shall not release said second traunche of funds to Warnock from the trust account until the Full satisfaction provided for herein has been transmitted to Licht." (*Id*. ¶ 7).

Plaintiffs do not allege that the second payment was released prior to the Full Satisfaction of Judgment in violation of Paragraph 7. Rather, the FAC alleges that Chodos breached his fiduciary duty by releasing the second $250,000 payment held in trust, even though GetFugu shares were never delivered to Freer. (FAC ¶¶ 43-44). In the Response to the FAC, Defendants claim that Freer did not submit his second $250,000 payment within either the 30-day or 45-day windows, and therefore is not entitled to any of the 500,000 shares under the Agreement. (Dkt. No. 67, at 21). In their Opposition to the Motion to Dismiss, Plaintiffs counter that the Agreement did not cover the scenario of a late second payment or authorize Warnock to keep both the shares and the late second payment:

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7388-GHK (FMOx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | *GetFugu, Inc., et al. v. Simon Davies, et al.* | | |

> Nowhere in the Agreement does it authorize Chodos to release the $250,000 payment to Warnock if Warnock fails to deliver the 500,000 shares of GetFugu stock to Freer. . . . What is not in the Agreement [ ] is a scenario where Warnock gets to keep all 500,000 shares. Indeed, the Agreement does not in any way address what happens if the second payment is made after the 45 day deadline. Thus, at best, the Agreement is ambiguous and at this stage of the proceedings, any ambiguity in the documents must be resolved in Freer's favor.

(Dkt. No. 73, Opp'n to Mot. to Dismiss 8-9). After careful review, we conclude that the Agreement did explain what should happen in the event of an untimely payment, and that Chodos did not violate any of the contract's express terms. Paragraph 8 of the Agreement states in relevant part: "In the event that the second wire transfer provided for in either Paragraph 6A or 6B is *not timely made* by Freer, then . . . Warnock shall be free, as he sees fit, and without further obligation to Freer, to sell, retain or otherwise dispose of the 500,000 shares he now holds in Fugu stock referenced in Paragraph 6A, hereto for his own account, without credit to or reduction of the balance due on the Judgment." (Dkt. No. 67, Ex. 1 ¶ 8 (emphasis added)). It is crucial that this paragraph does not condition Warnock's freedom to dispose of all the shares on Freer's failure to make *any* second payment, but rather on Freer's failure to make a "timely" payment as contemplated by Paragraph 6. This means that an untimely payment, *i.e.* transferred more than 45 days after the first payment under Paragraph 3, authorized Warnock to keep or dispose of the 500,000 shares and authorized Chodos to release the second $250,000 payment to his client. Paragraph 7 makes clear that the sole restriction on Chodos's release of the second $250,000 payment to Warnock from the trust account was tendering a Full Satisfaction of Judgment. (*Id.* ¶ 7). There is no allegation or evidence that Chodos did otherwise, and therefore his conduct, as counsel to Warnock and perhaps as fiduciary to Freer,[2] was in complete accord with the terms of the Agreement. To the extent there is any ambiguity in the Agreement surrounding an untimely second payment, it is at least unmistakable that Chodos did not violate any limitation on the release of funds to his client. Accordingly, there is no possibility that Chodos can be held liable for breach of any purported fiduciary duty.

Finally, Claims 6 and 7 for violation of California Business and Professions Code § 17200 and declaratory relief are derivative of the previously treated claims. They, therefore, do not provide an independent basis for liability and do not alter our analysis here.

Accordingly, we hereby **DISMISS** Chodos as fraudulently joined and **DENY** Plaintiff's Motion to Remand. We also hereby **DENY** Defendants' Motion to Dismiss, or to Sever **as moot**. The hearing set for March 1, 2010, at 9:30 a.m., regarding Defendants' Motion to Dismiss, or to Sever, is hereby **VACATED** and **TAKEN OFF CALENDAR**.

**IT IS SO ORDERED.**

---

[2] We express no opinion as to whether Chodos owed Freer a fiduciary duty.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-7388-GHK (FMOx) | Date | February 24, 2010 |
| Title | *GetFugu, Inc., et al. v. Simon Davies, et al.* | | |

                                                                                               --- : ---

                                      Initials of Deputy Clerk    ljw for Bea